## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**EUGENE JOSEPH CLARK**                                              **CIVIL ACTION**

**VERSUS**                                                          **NO. 13-5512**

**ASSUMPTION PARISH JAIL, ET AL.**                                   **SECTION "R"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Eugene Joseph Clark, filed this *pro se* civil action against the Assumption Parish Jail and Katie Landry.  For the following reasons, the action should be dismissed.

Plaintiff filed this lawsuit in the United States District Court for the Middle District of Louisiana, and the matter was subsequently transferred to this Court.[1]  However, at the time he filed the complaint, he neither paid the required filing fee nor submitted an application to proceed *in forma pauperis*.  He has never corrected that deficiency.

Moreover, this Court's Local Rules provide:  "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1.  The Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

---

[1] Rec. Doc. 2.

Local Rule 41.3.1.[2]  All mail sent to plaintiff by this Court has been returned as undeliverable,[3] and he has failed to provide the Court with a correct address within the time specified in the Local Rules.

In light of the foregoing, it would be appropriate to dismiss the instant complaint for want of prosecution.  The authority of a federal trial court to dismiss an action because of the failure to prosecute is clear.  Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits.  Fed.R.Civ.P. 41(b).

As noted, plaintiff has failed to pay the required filing fee or apply to proceed in this matter as a pauper.  Moreover, all mail sent to him has been returned as undeliverable, he has failed to provide the Court with his current address despite being aware of his obligation to do so, and his whereabouts are unknown.  For these reasons, this case cannot be advanced on the Court's docket.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

---

[2] It is beyond cavil that plaintiff was aware of his obligation to keep the Court informed of his current address.  In his complaint, he expressly declared:  "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."  Rec. Doc. 1, p. 5.

[3] Rec. Docs. 5 and 7.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this twentieth day of November, 2013.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

3